STATE, DAVID J. BLACKWELL, PROSECUTOR, v. P. S. PID-
COCK ET AL., TOWNSHIP COMMITTEE OF WEST AM-
WELL TOWNSHIP.

The estate acquired by a mortgagee of lands prior to the assessment of a
tax against the mortgagor is not affected by the sale of the land for
such subsequent tax, but if the mortgagee forecloses his mortgage with-
out making any one on behalf of the township a party to the fore-
closure proceedings, this court will not, on *certiorari*, set aside a tax
warrant issued for the sale of the land for such tax.

On *certiorari* to set aside tax warrant.

Argued at November Term, 1880, before Justices VAN
SYCKEL and MAGIE.

For the plaintiff, *J. N. Voorhees.*

For the defendant, *Chas. A. Skillman.*

The opinion of the court was delivered by

VAN SYCKEL, J.   One Edward G. Phillips, being the
owner in fee of a farm in West Amwell township, in the
county of Hunterdon, executed a mortgage thereon to Eliza-
beth Blackwell, on the 1st of April, 1877, to secure the sum
of $654.

In the year 1878, a tax to the amount of $54.81, for county
and township purposes, was assessed upon the said farm in the
name of said Phillips, in whom the title continued.

After this tax was assessed the said mortgage was foreclosed
(no one on behalf of the township being made a party to the
foreclosure proceedings,) and the mortgaged premises were sold
under the foreclosure to Blackwell, the prosecutor, for a sum
less than that due upon said mortgage.   After this sale the
township committee caused a tax warrant to be issued for the

sale of said farm to satisfy the said tax. The prosecutor is prosecuting his writ to set aside this tax warrant.

The prosecutor claims that his title under the foreclosure sale is paramount to the claim of the township for the tax levied after the mortgage was given, and that all proceedings to collect the tax should, therefore, be arrested.

There is no question that in the absence of statutory provision to the contrary, a sale of land for taxes passes such estate only as the owner had at the time of the assessment. The estate acquired by the mortgagee prior to the assessment is not affected by such sale. *Morrow* v. *Daws*, 1 *Stew.* 459.

The township had a right to assess Phillips' estate in the lands, and to sell such estate for the non-payment of the tax.

The rights of the mortgagee would not have been impaired by that proceeding.

The mortgagee having elected to foreclose the mortgage without making the township a party to the bill, the prosecutor is not in a position to restrain the sale by the township.

What right the purchaser at the tax sale will acquire as against the prosecutor's foreclosure title cannot be considered in this case.

The *certiorari* should be dismissed, with costs.